WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Terrence Q. Dominick, Sr., | No. CV 11-0337-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. |  |
| Chase Home Finance LLC, |  |
| Defendant. |  |

Pending before the Court are: Defendant's Motion to Dismiss (Doc. 6), Plaintiff's Motion to Compel (Doc. 8), Plaintiff's Motion to Compel Production of Documents (Doc. 10), Plaintiff's Motion for Summary Judgment (Doc. 16), and Plaintiff's Motion for Entry of Default (Doc. 20). The Court now rules on these Motions.

**I.     BACKGROUND**

On August 13, 2010, Plaintiff filed a Complaint in Maricopa County Superior Court alleging that Chase Bank lacked standing to collect payments on Plaintiff's mortgage[1]

---

[1] Although not specifically alleged in either of Plaintiff's Complaints, it appears, from Plaintiff's response to the Motion to Dismiss, that Plaintiff obtained a loan from Chase Home Finance, LLC that was secured by a Deed of Trust on real property located at 6806 West Briles Road, Peoria, Arizona 85383 (the "Property"). Further, although not specifically alleged, it also appears that Plaintiff seeks to avoid a trustee's sale of the Property, pursuant to the Deed of Trust, and reimbursement of all payments made on the loan, despite having ceased making loan payments in 2011. (*See* Doc. 7 at 7).

because Chase is not a "party in interest" in the Promissory Note because "Defendant has sold the Note under 'Mortgage Backed Instrument Securities' to investors under a pooling of interest." (Doc. 6, Exhibit A). In that Complaint, Plaintiff alleged that he was entitled to see an "original wet ink signature promissory note" signed by himself. (*Id.*). Plaintiff further alleged that, he was entitled to a declaration that Defendant did not have standing against Plaintiff "in any future action" and asked the Court to "release all claims against Plaintiff and grant rightful remedies due to Plaintiff." (*Id.*). On February 9, 2011, the Honorable Harriett Chavez of the Maricopa County Superior Court granted Defendant's Motion to Dismiss Plaintiff's Complaint.[2] (*Id.* at Exhibit B).

Thereafter, on February 22, 2011, Plaintiff filed a Complaint in this Court, reasserting the same allegations asserted in the Complaint that was dismissed by the Superior Court. (Doc. 1). In addition to his original claims, Plaintiff alleges that Defendant's failure to produce the original note violated the requirements of the Truth in Lending Act ("TILA"), the Fair Debt Collection Practice Act ("FDCPA"), and Generally Accepted Accounting Principles ("GAAP"). *Id.* Further, although Plaintiff acknowledges that Defendant mailed him a copy of the "promissory note/security instrument," he alleges that this copy is a forgery because it "did not have the customary SEC bar code or CUSIP number." *Id.*

## II. DEFENDANT'S MOTION TO DISMISS (DOC. 6)

Defendant moves to dismiss Plaintiff's Complaint because (1) Plaintiff has failed to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8 and (2) Plaintiff's claims are barred by collateral estoppel.

### A. Federal Rule of Civil Procedure 12(b)(6)

#### 1. Legal Standard

---

[2] While the Order did not specify whether the dismissal was with or without prejudice, prejudice is presumed. *See* ARIZ. R. CIV. P. 41(b) (unless court specifies otherwise, dismissal "is adjudication on the merits."); *Sanchez v. Old Pueblo Anesthesia, P.C.*, 183 P.3d 1285, 1287 (Ariz. Ct. App. 2008) (same).

1    To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than blanket assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Because Plaintiff is proceeding *pro se*, the Court must construe his Complaint liberally, even when evaluating it under the *Iqbal* standard. *Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234

- 3 -

F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation, *Papasan*, 478 U.S. at 286, or an allegation that contradicts facts that may be judicially noticed by the Court, *Shwarz*, 234 F.3d at 435.

### 2. Analysis

#### i. Defendant's "Show Me the Note Argument"

All of Plaintiff's allegations center around Defendant's alleged failure to produce the original note securing the mortgage. As such, Plaintiff claims that Defendant has no valid ownership interest and, hence, Defendant cannot proceed with a trustee's sale.[3] The Arizona statutes governing the sale of foreclosed property through trustee's sale do not specifically require that the foreclosing party produce a physical copy of the original promissary note. Accordingly, the courts within the District of Arizona have routinely rejected the "show me the note" theory and related arguments. *See Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1187–88 (D. Ariz. 2009); *Mansour v. Cal–Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009). Further, at least one Arizona state court has agreed. *Hogan v. Wash. Mut. Bank*, 261 P.3d 445, ¶ 13 (Ariz. Ct. App. 2011) (rejecting "show me the note" argument).

To bolster his "show me the note" argument, Plaintiff also alleges violations of the Uniform Commercial Code. (Doc. 7 at 5). However, this Court has previously held that "a deed of trust is not an 'instrument' under the Arizona Uniform Commercial Code—Negotiable Instruments." *Kentera v. Fremont Inv. & Loan*, No. CV-10-8259-PCT-GMS, 2011 WL 4005411, at *5 (D. Ariz. Sept. 8, 2011) (internal quotations and citations omitted); *see also Hogan*, 261 P.3d at ¶ 16 (rejecting argument that note is an instrument governed by UCC where sale conducted pursuant to the deed of trust).

To further support of his "show me the note" argument, Plaintiff alleges that his mortgage was backed by investors in securities. Plaintiff alleges that "once the loan has been

---

[3] Plaintiff frames Defendant's inability to conduct a Trustee's Sale as a lack of standing. However, the concept of standing does not apply because standing applies to judicial proceedings and is inapplicable to non-judicial foreclosures.

- 4 -

1  securitized, the note is no more." (Doc. 7 at 7). However, Plaintiff fails to allege any facts
2  entitling him to relief based on the securitizing of his note, such as how the practice of
3  securitizing mortgages prevented him from making his loan payments or discovering the true
4  identity of the actual owner of his note.

5  Based on the foregoing, Plaintiff has failed to state a claim upon which relief can be
6  granted based upon his "show me the note" argument..

### ii.  Other Arguments based on the "Show Me the Note Theory"

Plaintiff alleges that Defendant's failure to produce his original note has resulted in violations of TILA, FDCPA, and GAAP.

Although mentioning violations of TILA and FDCPA, Plaintiff fails to allege any facts supporting his conclusory allegations that Defendant has committed violations within the meaning of either TILA or FDCPA. The status of pro se "does not relieve the party of the burden of alleging sufficient facts on which a recognized legal claim could be based. Bald assertions and conclusions of law will not suffice." *Kerr v. Wanderer & Wanderer,* 211 F.R.D. 625, 629 (D. Nev. 2002) (citation omitted). Accordingly, Plaintiff has failed to state a claim upon which relief can be granted for Defendant's alleged violations of TILA and FDCPA.

Further, Plaintiff alleges that because Defendant is unable to produce the note on the property, Defendant must prove it is a Creditor under GAAP to show that they have an interest in the Property. (Doc. 7 at 10). As discussed above, Plaintiff's show me the note argument does not state a claim upon which relief can be granted. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted pursuant to GAAP because Plaintiff has alleged no facts entitling him to a declaration from Defendant that they are a "Creditor under GAAP."

Additionally, in his Response to Defendant's Motion to Dismiss, Plaintiff argues that he is entitled to "an accounting that is signed and dated by the person responsible for the account." (Doc. 7 at 11). Under Arizona Revised Statutes Section 33-813, Plaintiff is

1  entitled to a "good faith estimate of the sums which appear necessary to reinstate the trust
2  deed . . ." However, Plaintiff does not allege and it does not appear that this is the type of
3  accounting he is seeking. "Under Arizona law, there is no statutory requirement that the
4  trustor be supplied with a *complete* accounting." *See Frame v. Cal-Western Reconveyance*
5  *Corp.*, No CV-11-0201-PHX-JAT, 2011 WL 3876012, at *8 (D. Ariz. Sept. 2, 2011)
6  (internal quotation and citation omitted) (emphasis added). Because Plaintiff has not cited
7  any authority that requires the type of accounting he is seeking, Plaintiff has failed to
8  properly plead his entitlement to an accounting. *See id.*

9  Based on the foregoing, Plaintiff has failed to state a claim upon which relief can be
10 granted for any of his claims.

**B.     Res Judicata**

12 In addition to failing to state a claim upon which relief can be granted, Plaintiff's
13 claims are barred by the doctrine of res judicata. Plaintiff's claims were raised in his
14 Complaint dismissed by the Superior Court. Although Plaintiff has added theories as to why
15 Defendant is liable in the Complaint he filed in this Court, Plaintiff's claims were either
16 raised or could have been raised in Superior Court.

17 This Court must give the Superior Court's dismissal order in the state court action the
18 same preclusive effect that Arizona courts would give it. *Parsons Steel, Inc. v. First*
19 *Alabama Bank*, 474 U.S. 518, 525 (1986); *In re Lockard*, 884 F.2d 1171, 1174 (9th Cir.1989)
20 (The Full Faith and Credit Act, 28 U.S.C. § 1738, "has been interpreted to mean that a
21 federal court must give a state court judgment the same preclusive effect it would receive in
22 that state.") (internal citation omitted). The doctrine of res judicata, i.e. claim preclusion, as
23 applied by the Arizona Supreme Court, "will preclude a claim when a former judgment on
24 the merits was rendered by a court of competent jurisdiction and the matter now in issue
25 between the same parties or their privities was, or might have been, determined in the former
26 action." *Hall v. Lalli*, 977 P.2d 776, 779 (Ariz. 1999).

27 In this case, the Superior Court's dismissal of the state court action with prejudice
28 satisfies all of the requirements for claim preclusion. Here, the Superior Court's dismissal

was on the merits, the exact same parties are involved, and all of the claims were or could have been brought in the prior action. Accordingly, Plaintiff's claims are barred by the doctrine of res judicata.[4]

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 6) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (Doc. 8), Plaintiff's Motion to Compel Production of Documents (Doc. 10), Plaintiff's Motion for Summary Judgment (Doc. 16), and Plaintiff's Motion for Entry of Default (Doc. 20) are denied as moot.

The Clerk of the Court shall enter judgment for Defendant accordingly.

DATED this 11th day of January, 2012.

James A. Teilborg
United States District Judge

---

[4] The Court will not grant Plaintiff leave to amend his Complaint. Because Plaintiff's claims are barred by the doctrine of res judicata, granting leave to amend would be futile.

- 7 -